J-S50021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           : PENNSYLVANIA
                                           :

                 v.                     :
                                           :

DALE JOHNSON                  :
                                         :

         Appellant        :     No. 155 WDA 2019

Appeal from the Order Dated January 7, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016792-2008

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:          FILED SEPTEMBER 20, 2019

Dale Johnson (Appellant) appeals pro se from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized:

> A jury convicted Appellant on July 28, 2009, of aggravated assault, burglary, robbery and related offenses.  On October 22, 2009, Appellant received an aggregate sentence of 12 to 24 years' incarceration to be followed by 5 years' probation.  This Court affirmed the judgment of sentence on August 31, 2010, and the Pennsylvania Supreme Court denied further direct review on February 2, 2011.

Commonwealth v. Johnson, 83 A.3d 1079 (Pa. Super. Aug. 28, 2013) (unpublished memorandum at *3).  Appellant did not seek a writ of certiorari with the United States Supreme Court, and this Court has determined that

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant's judgment of sentence became final on May 3, 2011. See id. at *7.

Appellant has filed a succession of PCRA petitions. On December 10, 2018, Appellant filed the underlying pro se PCRA petition, his fifth. After providing notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on December 11, 2018, the PCRA court dismissed the petition on January 7, 2019. Appellant filed this appeal on January 24, 2019. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

1. Did the PCRA court err when it dismissed Appellant's Petition raising after-discovered facts under 42 Pa.C.S.A. §9545(b)(1)(ii) as untimely filed and previously litigated, although these new facts could not have been discovered earlier due to extreme circumstances of the logistics [Appellant] faces as a prisoner and previous counsel's ineffectiveness and [Appellant's] lack of resources.

Appellant's Brief at 3.

We begin with the untimeliness of Appellant's petition. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[1] If a petition is untimely, and the petitioner has not pled and proven an exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

As noted above, the trial court sentenced Appellant on October 22, 2009, this Court affirmed the judgment of sentence, and the Supreme Court denied Appellant's petition for allowance of appeal. See Commonwealth v. Johnson, 11 A.3d 1046 (Pa. Super. Aug. 31, 2010) (unpublished

_____

[1] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception be filed within one year of the date the claim could have been presented; the prior law required that the petition be filed within 60 days.

memorandum); Commonwealth v. Johnson, 14 A.3d 825 (Pa. 2011). Appellant did not seek a writ of certiorari with the United States Supreme Court. See 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]").

Thus, Appellant's underlying PCRA petition, which he filed on December 10, 2018, is untimely, and we lack jurisdiction unless he has pled and proved one of the three timeliness exceptions of section 9545(b)(1). See Derrickson, 923 A.2d at 468.

Upon review, we agree with the Commonwealth that Appellant "does not set forth a cogent claim of how he has overcome the procedural time-bar. Instead, [A]ppellant presents a rambling discussion regarding 'due diligence' and how the concept was misapplied to him as a pro se litigant." Commonwealth Brief at 10. We further agree that Appellant "appears to continually attack the prior decisions of this [C]ourt and does not articulate how the most recent petition was timely or how the lower court erred in deciding otherwise." Id. at 11.

To the extent Appellant asserts that he qualifies for an exception to the time bar under § 9545(b)(1)(ii), and "unknown facts" relative to affidavits from "Commonwealth/Reporting witness, Dayon Chambers," see generally, Appellant's Brief at 7-13, we are not persuaded. We have explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Commonwealth v. Brown, 141 A.3d 491, 500 (Pa. Super. 2016), citing Commonwealth v. Bennett, 930 A.2d 1264, 1272 (Pa. 2007).

The PCRA court, being familiar with Appellant and his claims, explained:

> Appellant's PCRA Petition was untimely filed and no exception to the timeliness requirement applies. Appellant again alleges an exception under subsection (ii). Appellant, in numerous PCRA petitions, has claimed that a witness, Dayon Chambers, provided him with allegedly exculpatory information. This issue was previously raised and addressed in Appellant's first PCRA petition, as Appellant alleged that trial counsel was ineffective for failing to call Chambers. At that time, Appellant produced an affidavit from Chambers indicating that Appellant did not break in to the victim's home but actually came to the rescue of the victim. Several PCRA petitions have followed, as have several versions of essentially the same affidavit from Chambers. The Superior Court of Pennsylvania has affirmed this Court dismissal of these PCRA Petitions without a hearing.
>
> The proposed evidence, as previously stated, fails to satisfy the requirement of the after-discovered evidence rule. 42 Pa.C.S. § 9545 (b) (1) (ii) requires the petitioner establish (1) the facts upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence. Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007). . . . The focus of this exception "is on the newly discovered facts, not

on a newly discovered or newly willing source for previously known facts." Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008).

Chambers' affidavits establish his availability as a witness as far back as 2011. Had Appellant exercised due diligence (e.g. asking Chambers what he was doing prior to observing the incident, who else would have observed it, etc.) the existence of other potential witnesses would have been easily discoverable. The witnesses were available for Appellant's prior PCRA petitions but for his own lack of due diligence in finding them. Appellant procured two other affidavits from Chambers and offers no explanation as to why he could not have procured a third affidavit to explain Chambers' failure to mention the 10-12 people Appellant claims were at Chambers house at the time of the incident. As Appellant failed to exercise due diligence in obtaining his alleged after-discovered evidence, this Court did not err in dismissing his fifth PCRA petition without a heating.

PCRA Court Opinion, 5/20/19, at 3-4.

Upon review, we discern no basis to disturb the PCRA's determination that Appellant failed to plead and prove an exception to the PCRA's time-bar. We are therefore without jurisdiction, and for this reason, affirm the dismissal of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019